In the Matter of CHARLES J. SHELANSKEY, Appellant, against HARRY T. TUTHILL, as Suffolk County Superintendent of Highways, Respondent.— Order denying appellant's application to compel the respondent to add his name to the payroll for a period of 133½ days of alleged accumulated vacation pay, and dismissing his petition, with leave to serve an amended petition, unanimously affirmed, with twenty-five dollars costs and disbursements.    Under section 71 of the Public Officers Law, the respondent, in his discretion, had the power to terminate appellant's leave with pay.    Appellant obtained no vested right to continue on a paid leave by reason of the memorandum signed on February 16, 1943, by the respondent.    Present — Hagarty, Acting P. J., Carswell, Johnston, Lewis and Aldrich, JJ.

In the Matter of ROBERT W. THOMA et al., Respondents; Estate of ALICE K. HIGGINS, Deceased, et al., Appellants.    In the Matter of ROBERT W. THOMA et al., Respondents; Estate of AARON L. HIGGINS, Deceased, et al., Appellants.— In each case, order of the Nassau County Surrogate's Court denying motion by administrators *c. t. a.* to dismiss claim unanimously affirmed, with ten dollars costs and disbursements to respondents, payable out of the estate.    The possible application of the Statute of Frauds of Massachusetts should be determined after a trial, where the surrounding facts and circumstances and the exact language of the contract, if any, can be adequately developed and the proper interpretation thereof decided.    In addition, the Surrogate's Court Act (§ 211) provides that where an action is not brought within three months after the rejection of the claim, such claim shall be tried and determined upon the judicial settlement.    The record does not suggest that any proceeding for a judicial settlement, either compulsory, by petition of the claimants, or voluntary, upon the application of the administrators, was pending at the time the motion was made, and the inference is quite to the contrary.    Actually, the dates indicate that the motion was made before even the period of three months had expired.    Under such circumstances, the Surrogate had no authority to grant the motion. *(Matter of Schorer*, 272 N. Y. 247; cf. *Matter of Evens*, 183 Misc. 717.)    Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.